# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1057V
(not to be published)

| | |
|---|---|
| TRACY DAWN MCKAY,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 18, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 21, 2020, Tracy Dawn McKay filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from left shoulder injuries related to vaccine administration as a result of an influenza vaccine received on October 12, 2018. Petition at 1. On May 10, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 43.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated November 5, 2022, (ECF No. 48), requesting an award of $26,518.65 (representing $26,395.40 in fees and $123.25 in costs). Petitioner also requests $10,358.00 in fees and $746.28 in costs incurred by Petitioner's former counsel, D. Lee Burdette. *Id.* at. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.  Respondent reacted to the motion on January 11, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring determination of the amount to be awarded to my discretion.[3] ECF No. 49. Petitioner filed her reply on January 13, 2023, requesting fees and costs be awarded in full as requested. ECF No. 50.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

---

[3] Respondent filed his response 51 days past the response deadline of November 21, 2022.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for attorney Leah Durant: $420 per hour for time billed in 2021, and $441 per hour 2022. ECF No. 48 – 1 at 1-10. Petitioner also requests the rates between $400 - $425 per hour for prior counsel D. Lee Burdette, and $275 - $300 per hour for Ms. Kelly Burdette. *Id.* at 48-3 at 6-13.

Ms. Durant has previously been awarded the requested rates and I will therefore adopt them herein as well. But the rates for Mr. D. Burdette and Ms. K. Burdette require adjustment. These rates are not appropriate for all relevant years work was performed on this matter. Mr. Burdette has previously been awarded the rate of $400 per hour for work performed in 2020-21, and Ms. Burdette has been awarded the rate of $275 per hour for the same timeframe. *See Halcrow v. Sec'y of Health & Human Servs.,* No. 16-212V, 2020 WL 3496142 (Fed. Cl. Spec. Mstr. Jun. 3, 2020); *Peterson v. Sec'y of Health & Human Servs.,* No. 18-1766V, 2020 WL 6325539 (Fed. Cl. Spec. Mstr. Sept. 28, 2020); *Garcia v. Sec'y of Health & Human Servs.,* No. 18-0401V, 2021 WL 839082 (Fed. Cl. Spec. Mstr. Jan. 28, 2021); *De La Fuente v. Sec'y of Health & Human Servs.,* No. 18-1702V, 2021 WL 3916895 (Fed. Cl. Spec. Mstr. Jul. 27, 2021).

I agree with the reasoning of these prior decisions in adopting these rates, and therefore similarly reduce Mr. D. Burdette's and Ms. K. Burdett's rates to those previously awarded for work performed in that timeframe. This results in a reduction of **$766.25.**[4]

## ATTORNEY COSTS

Petitioner requests $123.25 in costs incurred by Leah Durant and $746.28 in costs incurred by D. Lee Burdette. ECF No. 48 at 1. These costs reflect expenses incurred in obtaining medical records, shipping costs, and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

---

[4] This amount consists of ($425 - $400 = $25 x 29.75 hrs = $743.75) + ($300 - $275 = $25 x $22.50) = $766.25.

3

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $36,856.68[5] as follows:**

- **A lump sum of $26,518.65, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel,  Leah VaSahnja Durant; and**

- **A lump sum of $10,338.03, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel,  D. Lee Burdette.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.